**UNITED STATES, Appellee,**

v.

**Eduardo Eugenio RODRIGUEZ,
Defendant–Appellant.**

No. 02–1495.

United States Court of Appeals,
Second Circuit.

Jan. 5, 2004.

Thomas F.X. Dunn, New York, NY, for Appellant.

Laurie A. Korenbaum, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, and Gary Stein, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, KEARSE, and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Eduardo Eugenio Rodriguez appeals from a judgment of conviction entered against him on August 9, 2002 in the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*). A jury convicted Rodriguez of one count of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. We affirm.

■ Rodriguez raises six issues on appeal. First, he argues that the district court erred in denying his motion for a judgment of acquittal at the close of the prosecution's case because the indictment, which alleged only one conspiracy, did not (in Rodriguez's view) conform with the evidence at trial, which he says proved the existence of two separate conspiracies. *See United States v. Desimone*, 119 F.3d 217, 226 (2d Cir.1997). Rodriguez's theory is that because the Government proved the existence of two drug transactions (in February 2001 and March 2001), but could only link Rodriguez to the second of these, there must have been two separate conspiracies. This argument is insupportable. Even if there were no evidence connecting Rodriguez to the February transaction, that alone would not prove the existence of two separate conspiracies. *See United States v. Aracri*, 968 F.2d 1512, 1522–23 (2d Cir.1992) ("The jury need not have concluded that the same people were involved throughout the entire period of the conspiracy in order to find one conspiracy.") (quotation marks and citation omitted). In light of the undisputed facts that the February and March transactions involved many of the same people, the same supplier, and the same method of drug transportation, there was sufficient evidence to permit the jury to find that there was only one conspiracy.

■ Second, Rodriguez asserts that the district court had an obligation to give a "missing witness" charge with respect to J.J. Urbina, a government informant who did not testify at trial. *See United States v. Nichols*, 912 F.2d 598, 601 (2d Cir.1990) (district court may, in its discretion, give a missing witness charge when production of the witness is "peculiarly within [the] power" of the party electing not to call the witness). But because Rodriguez cannot show that he was prevented from contacting or calling Urbina as a witness on his own behalf, we find no abuse of discretion in the district court's decision. *See, e.g., United States v. Sorrentino*, 72 F.3d 294, 298 (2d Cir.1995).

Third, Rodriguez contends that the district court's special verdict form, which asked the jury to consider first whether the defendant was guilty of conspiracy and, second, whether, if he was guilty, the conspiracy involved 1 kilogram of heroin or less, or more than 1 kilogram, violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As defense counsel acknowledged during oral argument, this argument is foreclosed by our decision in *United States v. Richards*, 302 F.3d 58 (2d Cir.2002).

■ Fourth, Rodriguez argues that there was insufficient evidence to support the district court's finding, at sentencing, that he was responsible for 3.6 kilograms of heroin. Rodriguez does not dispute that the March transaction involved 1.8 kilograms of heroin, and that the February transaction involved approximately the same quantity of drugs. Instead, he urges that there is no proof of his involvement in the February transaction. But the record belies this contention. One of the prosecution's main witnesses testified that Rodriguez made comments in March that reflected particularized knowledge of the February transaction, and that a co-defendant and the supplier of the narcotics (both of whom were involved in the February transaction) spoke of Rodriguez as a

trusted partner in the drug dealing business. From these facts, the district court reasonably concluded that Rodriguez had been involved in the conspiracy from at least February, and thus there was no error.

▮ Fifth, there is no merit to Rodriguez's argument that the district court erred in denying his request for a downward adjustment on the basis of his alleged "minor role" in the conspiracy. The fact that Rodriguez may have played a less significant role than other participants does not entitle him to a downward adjustment, unless his role was " 'minor' or 'minimal' " as compared to that of the average participant in such a crime. *United States v. Carpenter*, 252 F.3d 230, 235 (2d Cir. 2001). The evidence supports the district court's determination that Rodriguez's role, while not perhaps as significant as that of his co-defendant, was nevertheless substantial.

▮ Finally, Rodriguez asserts (by way of a *pro se* supplemental brief) that the district court violated his right to a speedy trial by excluding time in the interests of justice on a number of occasions. *See* 18 U.S.C. § 3161(c), (h)(8). However, because Rodriguez offers no basis upon which to challenge the district court's findings that the exclusions were justified by the circumstances of the case, we find no violation of the Speedy Trial Act.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.